```
                UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF TENNESSEE
                     NASHVILLE DIVISION
```

ANNIE R. SMITH,                    )
                                   )
        Plaintiff                  )
                                   )         No. 3:12-0041
v.                                 )         Judge Trauger/Brown
                                   )
NITA WRIGHT, HENRY WRIGHT,         )
and GERALD WRIGHT,                 )
                                   )
        Defendants                 )

TO:  THE HONORABLE ALETA A. TRAUGER

## REPORT AND RECOMMENDATION

This matter has been referred to the undersigned for a frivolity review under 28 U.S.C. § 1915(e)(2)(B), and for case management (Docket Entry 4). For the reasons stated below, the Magistrate Judge recommends that this case be DISMISSED.

## BACKGROUND

The complaint states that the grounds for filing the case in federal court are "Attempted murder on my life" (Docket Entry 1, par. 1). The Plaintiff lists her residence as Nashville, Tennessee. She lists in the caption three Defendants: Nita, Henry and Gerald Wright. However, in paragraph 3 she lists the Defendant as Gerald Wright with a residence in Michigan. No information is provided about the other two individuals listed in the caption.

The statement of the claim itself states that:

> "Mr. Wright and family murdered my mother 11/06 – from 11/06 to 010 there were other people murdered by the hands of the Wright and Evans family. Several people had

heart attacks from 06. Mr. Wright has been following me around state to state trying to make Mrs. Smith have a heart attack, besides having caused myself to be hospitalized for back surgeries."

In paragraph 5 for prayers for relief, the only word written is "chair." The Magistrate Judge is unsure as to whether this implies the electric chair-but notes that the death penalty is certainly not a type of relief available in the civil arena.

The complaint is dated January 6, 2012.

**LEGAL DISCUSSION**

To the extent there are allegations of criminal conduct they are not proper subjects of civil litigation and should be reported to appropriate authorities having jurisdiction over criminal matters, such as the State District Attorney and state police officials, or if there are potential federal criminal violations, the agencies such as the Federal Bureau of Investigation, or inspectors of the United States Attorney.

The allegations appear to relate to offenses which occurred from 2006 to 2010. There are no allegations of any activities beyond 2010. The complaint itself was filed on January 5, 2012. As such, any allegations of personal injury would be subject to a Tennessee one-year statute of limitations and, as such, barred. Tenn.Code Ann § 28-3-104(a)(3); *Robertson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005).

2

The complaint gives no indication of what activities any particular Defendant did to cause the Plaintiff harm.  Under *Bell Atlantic Corp. V. Twombly*, 550 U.S. 544, 555-56 (2007), a complaint requires (1) "enough facts to state a claim to relief that is plausible," (2) more than "a formulaic recitation of a cause of action's elements," and (3) allegations that suggest a "right to relief above a speculative level" in order to raise a possibility of recovery by the plaintiff.

In this case, even reading the complaint as favorably as possible for a *pro se* litigant, the Magistrate Judge is simply unable to find a basis for federal jurisdiction in this matter.

For the reasons stated above, the Magistrate Judge recommends this case be **DISMISSED** with prejudice for failure to state a cause of action.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court.  Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections.  Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.  *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

ENTERED this 17th day of January, 2012.

                              /s/ Joe B. Brown
                              JOE B. BROWN
                              United States Magistrate Judge